We move to the sixth case this morning. Strand v. McChinney May it please the court. My name is Joseph Smith and I am one of the attorneys representing appellant Officer Curtis Minchuk in this appeal. I apologize if I sound kind of funny. I was sick over the weekend and my voice hasn't quite recovered yet. On May 20, 2013 Officer Minchuk was placed in reasonable fear of death or serious bodily harm a moment before he employed deadly force when the plaintiff in this case had him pinned to the ground and was beating him about the face and head despite Officer Minchuk's cry for help. It has never been disputed in this case that at that point the plaintiff presented a Tennessee v. Gardner threat of death or serious bodily harm. And if Officer Minchuk could have gotten his gun and used it at that time we wouldn't be here today. For purposes of this appeal what facts do you accept with respect to how much time went by from the moment Strand conveyed his surrender to the moment your client fired the shot? The plaintiff testified in his deposition in this case that he was standing with his hands in the air for a minute. The district court said it was 10 seconds to a minute, but that's not what the plaintiff said. We asked him, was it 5 seconds? No. Was it 10 seconds? No. It was a minute. But we show that that was, I'll say inaccurate based upon the objective evidence of the time stamps. I want you to focus on what I'm asking you. Sure. We have to draw the facts, the inferences and the facts in the light most favorable to your adversary. Right. And you underscore that, I think rightly so in your brief and I think are effective on that point. But what facts are we accepting with respect to the amount of time that went by? When you show that the minute testimony by the plaintiff is untrue what you are left with is the testimony of Karen Orsini that the plaintiff was shot about a second after he stopped hitting Officer Minshuk. Joanne Gonzalez, that plaintiff was up for a second before falling over. Kenesha Mitchell-Phillips, that there was no pause between the plaintiff rising up and being shot. Officer Minshuk, it was a matter of seconds between when the plaintiff was off of him and when he fired. And then interestingly you have evidence from the plaintiff himself when the plaintiff's own father testified in his deposition that based upon how the plaintiff described the events to him, he thought it was I want to make sure I get the quote right, no delay, maybe simultaneously between the surrender and the use of force. So we're talking about just a brief moment in time. You said when you show that what plaintiff said wasn't true but we're at the summary judgment and I understand you've just given evidence on the other side. How do you show at the summary judgment stage that what the plaintiff said about a minute passing was not true? Under Scott v. Harris, if you objectively show that the party's testimony is untrue, you cannot accept that version of the fact for the purpose of summary judgment. How have you objectively shown that? By the time stamps on the 911 and the radio traffic, which the plaintiff's own expert testified in his deposition would be reliable to determine when the events took place, it was less than 30 seconds between when Officer Menchuk called in for officer in need of assistance, which was right when the confrontation became physical to when the bystander called in the 911. There's a big difference though between 3 seconds and 21 seconds at the outer limit. And the reason I say that is because if you have an individual who has uttered aloud, I surrender I give up, has his hands in the air for 21 seconds and then the police officer decides to shoot. That is altogether different than it happening in 3 seconds. This entire event took place in less than 30 seconds. There is no evidence in the record that he was standing with his hands in the air for 21 seconds. I don't know what the evidence is. My difficulty with it is I think the amount of time matters immensely here. This argument was never made by the plaintiff in summary judgment. All we're doing is reviewing the district court. Under the Supreme Court's recent opinion in Consolidated Hughes, we have a very similar situation and the Supreme Court in that case said one of the reasons that it was appropriate in that case was because of the mere seconds available to the officer to gauge the amount of threat that was posed by the suspect. The Supreme Court didn't say because of the seconds that were available, we have a jury question. The court said mere seconds and the court gave the benefit of the doubt to the officer. Well mere seconds, but as Jessica said, 20 some seconds is a heck of a lot different than 3. It is, but that's not what happened here. The only evidence that we have that has not been objectively shown to be inaccurate is what the witnesses said, what the officer says and the plaintiff's own father based on how the plaintiff himself described the events to him. What does the undisputed evidence show about when the bystander called 911? Was it at the point the shot was made or what was the timing of that? The timing of that was 21 seconds after the radio call for officer in need of assistance the 911 operator answered the call to 911 with the bystander reporting the fighting and the shot. When the bystander called, was it after the shot or before the shot? That's not clear. The bystander mentions the shot about 8 seconds I believe after the 911 operator answers that call. So that's where you get the less than 30 seconds. When did the officer make the call while he was still fighting? The evidence on that is undisputed and the evidence on that is that Officer Menchuk radioed officer in need of assistance at 78 as soon as the confrontation became physical. The plaintiff doesn't dispute that. Before they fell to the ground or at what point when it became physical? When the plaintiff and Officer Menchuk were standing by the semi truck and Officer Menchuk asked for his ID and the plaintiff refuses and Officer Menchuk grabs it. That's the point that the testimony shows they called for assistance. Unless the court has more questions I'd like to reserve the rest of my time for rebuttal. Thank you. Mr. Lyles. Good morning judges. May it please the court. I'm Darnell Lyles. I represent Craig Strand. I'd ask this court to uphold the district court's denial of Mr. Menchuk's motion for assembly judgment on the issue of qualified immunity. I almost want to ask this court to dismiss his appeal because under the rules this is interlocutory and you pretty much have to agree that what the facts the plaintiff said happened you have to agree to those and say under those facts all of them I agree with I didn't violate his constitutional right and if I did it wasn't clearly established. That's what you have to do. But that isn't what Menchuk is doing in this case. He's disputing facts. What's he disputing from your standpoint? He's disputing that there was a threat. He's disputing that Strand surrendered. He's disputing that Strand did not get up off of him using his neck. He's disputing the whole situation where Strand says I backed up, I got up, I stepped back, raised my hands and said do what you got to do. You're disputing that by alleging that that's threatening. A surrender in and of itself is to withdraw the threat. But the threat part of it isn't really a fact. That's a perception. The fact would be he's not disputing that your client raised his hands and said I surrender for purposes of the summary judgment. He's disputing the surrender part. Now the actual elements of it, that Strand got up, that he stepped back, that he raised his hands, they're disputing. Isn't he disputing that not so much as Judge St. Eve saying that Mr. Strand stepped back and put his hands in the air and said I surrender, but rather whether that constituted the threat subsiding, whether at that point Mr. Strand was subdued. I agree. Don't you think if you agree to that, don't you think the amount of time that goes by or didn't go by matters immensely here? It does. And Strand said, Mnuchuk himself said he was on the ground 10 to 20 seconds or a minute or so. That's in the record. That's what Mnuchuk said in the record. But that wasn't on the ground from the time your client backed away and said surrender. That was on the ground for the shuffle, wasn't it? Yes, that predates Mr. Strand's entire time, 20 seconds on the ground for the punching and fighting and the time he stood up. No, on the ground. The question was how long were you on the ground? I believe the question was a little different. What is your position as to what the record shows for the amount of time that passed from when your client stood up and said I surrender and the time the officer shot him? My position is the record shows two things. Strand, in his deposition and in his testimony, felt that it took a while. Maybe because the guns pointed at him, his perception of time was longer. It took a while. What did he say? Strand said one to five minutes, I believe. The defendant says at the time that Mnuchuk radioed signal 28, which means I have a ruling suspect that they are still standing up. They deny that Mnuchuk slapped Strand's phone out of his hand, which Strand says he did. Then Mnuchuk grabs him. They fall to the ground. Strand admits that he hit him three times. Then he got up and backed up. Somewhere in that time frame is, I would say, the record shows 21 seconds. 21? Yes. Just to be clear, 21 seconds from the time your client stood up and said I surrender and the shot, or 21 seconds while they were scuffling on the ground until he was shot? That is unclear based on the evidence. How much time elapsed in that 21 seconds. There's no way for us to know because there was a call from Mnuchuk and then they are alleging 21 seconds later Mnuchuk is saying man down, man shot. So there's no way to know within there how much exact time, if they want to use that time frame, that they were on the ground and then they got up. There's no way to know. Do you agree that that's the time frame though that matters? I agree that time frame does matter, but I don't think the time frame is the only thing we can look at. They are arguing that Strand did not constitute a threat. And the court has to realize the district court looked at a record from the criminal trial where Mr. Mnuchuk said he kicked Strand off of him. Now Strand says he got up off of him and backed up. So now, as we look at the totality of the circumstances, if a guy is on top of you, he meets you three times, and then he gets up that's not, what is he going to say, I'm about to get up you know the defendant likes to say it's unexpected surrender but the only reasonable thing an officer would do who has a gun and a guy gets up would not just shoot him even if it's four seconds under Strand's testimony. I don't know, I mean three to four, I mean you have a felony battery committed against the police officer while they are on the ground. Right? Sure. He's punched in the head three times and it's possible that you have qualified immunity here, or the officer has qualified immunity, if only a couple of seconds go by from the moment they separate and the shot's fired. But a couple of seconds is a lot different than Mr. Strand having his hands in the air for 20 seconds saying I surrendered and then getting shot. That's true, but the problem is that's a material issue of disputed fact, and I think that's one of the reasons the District Court denied qualified immunity, because he wasn't able to determine that given the facts and the evidence that he was presented with on their motion for summary judgment. The District Court says that the plaintiff on page four of the opinion, the plaintiff testified in his deposition that he had his hands in the air between 10 seconds and one minute. Yes. Before he was shot. Yes. That's the way you remember it? That's what Strand said, absolutely. Do you agree based on the objective evidence, specifically from the time the officer called in and said he had an unruly person and the time the bystander called in and said somebody had been shot, that that decreases the minute to something shorter? No, I don't. I think the bystander calling predated Mr. Strand standing up. The bystander called and said they're fighting. Present tense statement. But eight seconds passed during that call when the bystander said there was a shot. Wouldn't that shorten it, the one minute? I don't know where that is in the record. I'll ask Ms. Minchuk to point you to that in the record. There was prior to all this, I assume it was denied, but an indication that the police officer requested a bribe? Yes, that is Strand's testimony. And was that denied by the officer? I don't see, I didn't find it. Are you asking, Strand testified that Minchuk said you can either pay me or you can pay these tickets. And when Strand indicated I'm not going to pay you and that he wanted to take photographs in the lot to show that there were no parking signs and he had his phone out, Minchuk slapped his phone away. It was a one continuous shot and Minchuk grabbed it. Ambiguity about whether it was a bribe or just a request for he take the money or send the money to somebody else. It was a request for a bribe. That's the only way we see it. If there are no other questions, I would end up by saying it was clearly established that you can't use deadly force on a passively or non-resistant subject. At the time, if Strand is to believe, if we credit his testimony, at the time that he stood up and backed up and raised his hands, he was no longer a threat. At that time, Minchuk was the only person on the scene with a gun. At the time that Minchuk fired at Strand, he was not committing any crime. He was surrendering. And that issue was where the district court said it had some pause with regard to granting qualified immunity to Mr. Minchuk. And I'd ask this court to uphold Judge Moody's ruling. Thank you. Thank you, Counsel. On the timing issue, again, that was the timing issue was never disputed in the district court. The plaintiff accepted... Well, it was disputed, but you had conflicting testimony, though, didn't you? No. We presented the Scott v. Harris issue and the objective evidence showing that the minute was inaccurate, and the plaintiff had no response to that. So the district court found, rightly, that the plaintiff accepted the defendant's evidence of the timing. It was not a minute... Even under the timing, that it's something within that 30-second time frame. Wasn't that part of the district court's holding that that made it an issue of fact as to whether or not he was subdued? No. The subdued issue in this case is basically a straightforward application of this court's holding in Johnson v. Scott, that officers are not required to accept at face value a suspect... I don't know how you say that, because the court says one second goes by between the dog bite and the shot being fired. And that's not materially different from what we have in this case, Your Honor. How do you know that? Based upon the uncontradicted evidence in the record, that it was not more than a second. It was a brief moment. There's nothing in the record demonstrating that it was anything more than that. And to lose Your Honor's point, the caller said they're fighting, and then immediately after that said the officer just shot him. But wouldn't 21 seconds be materially different than one second? I know there's some other evidence in the record that suggests it was one second, but at the summary judgment stage, I'm not sure we can make that determination. That determination has already been made by the plaintiff's failure to rebut the evidence that the defendants submitted in summary judgment that's been waived, but putting waiver aside for a second, this is not a situation where the evidence shows that the plaintiff was standing with his hands in the air for 21 seconds. It was 21 seconds from the fight beginning 50 feet away by the semi, and then the officer and plaintiff engaging in the fight to the location 50 feet away from the semi, and it was the plaintiff's testimony that he was on top of Officer Minshuk for 10 to 20 seconds on the ground during which time he was beating Officer Minshuk before he stood up, put his hands in the air, and said, I surrender. That was not Curtis' testimony. That was the plaintiff's testimony. But that doesn't make it one second. No. The uncontested evidence that we presented based upon the eyewitness testimony, after you after the objective evidence shows that the minute is not accurate, but we can accept that minute, the only evidence that's left is the eyewitness's testimony that says it was a second, or no pause, or the evidence from the plaintiff, from his father, that says that he thought there was no delay, maybe simultaneous. So there would be no basis for this court to say that there was a contested issue of fact preventing summary judgment on this case. I see I'm out of time, so if there are no more questions, thank you. Thanks to both counsel, and the case is taken under advisement.